Case No: 13-55631

1  Joseph La Costa
   California Bar #108443
2  7840 Mission Center Court, Suite #104
   San Diego, California 92108
3  619 922-5287
   joelacostaesq@gmail.com
4  Attorney for Plaintiff/Appellant, Chester M. Hunt. Lynda Susan Hunt

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| CHESTER M. HUNT, LYNDA SUSAN HUNT, | ) | Case No: 13-55631 |
| | ) | |
| | ) | D.C. No: EDCV-12-02171 TJH (OPx) |
| Plaintiff/Appellant, | ) | |
| | ) | |
| | ) | BRIEF OF APPELLANT |
| vs. | ) | |
| | ) | |
| | ) | |
| | ) | |
| U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF MASTR ADJUSTABLE RATE MORTGAGES TRUST 2007-3; BANK OF AMERICA, N.A. SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP; DOES 1 THROUGH 10, INCLUSIVE | ) | |
| | ) | |
| Defendants/Appellee. | ) | |

HUNT V. U.S. BANK, N.A.

Case No: 13-55631

Plaintiffs/Appellants CHESTER M. HUNT, LYNDA SUSAN HUNT respectfully appeal from the Judgment and Order Granting Defendant's Motion to dismiss Plaintiff/Appellants complaint without leave to amend.

Date: October 22, 2013

/s/ Joseph La Costa
_____
Joseph La Costa
Attorney for CHESTER M. HUNT, LYNDA SUSAN HUNT

| TABLE OF CONTENTS | PAGE |
|---|---|
| Table of Authorities | ii |
| I. JURISDICTIONAL STATEMENT | 1 |
|    a. Jurisdiction of the Federal District Court, Southern District. | 1 |
|    b. Jurisdiction of the 9th Circuit Court of Appeals. | 2 |
|    c. Timeliness of the Appeal. | 2 |
|    d. The finality of the order appealed. | 2 |
| II. STATEMENT OF THE ISSUES PRESENTED FOR REVIEW | 5 |
| III. STATEMENT OF THE CASE | 5 |
|    a. Nature of the case. | 5 |
|    b. Course of proceedings. | 5 |
|    c. Disposition at the Federal District Court below. | 6 |
| IV. STATEMENT OF FACTS RELEVANT TO THE ISSUES SUBMITTED FOR REVIEW | 6 |
| V. SUMMARY OF THE ARGUMENT | 7 |
| VI. ARGUMENT. | 7 |
|    a. Contentions and reasons for them with citations to the authorities and parts of the record relied upon. | 7 |
|    b. Standard of Review. | 8 |
| VII. CONCLUSION | 8 |
| STATEMENT OF RELATED CASES | 9 |
| CERTIFICATE OF COMPLIANCE | 11 |
| CERTIFICATE OF SERVICE | 12 |

**TABLE OF AUTHORITIES**         **PAGE**

**CASES**

AE ex rel. Hernandez v. County of Tulare
666 F.3d 631 (9th Cir. 2012)     8

Bagdasarian Prods., LLC v. Twentieth Century Fox Film Corp.
673 F.3d 1267 (9th Cir. 2012)     3

Blue Cross and Blue Shield of Alabama v. Unity Outpatient
Surgery Center, Inc.
490 F.3d 718 (9th Cir. 2007)     3

Coopers & Lybrand v. Livesay
437 U.S. 463 (1978)     2

Elliott v. White Mountain Apache Tribal Court
566 F.3d 842 (9th Cir. 2009)     3

Firestone Tire & Rubber Co. v. Risjord
449 U.S. 368 (1981)     2

Glaski v. Bank of America
F064556, 2013 WL 4037310 (Cal. App. 5th Dist. 2013)     7, 8

Hotel & Motel Ass'n of Oakland v. City of Oakland
344 F.3d 959 (9th Cir. 2003)     4

TABLE OF AUTHORITIES     ii

**TABLE OF AUTHORITIES**                                             **PAGE**

Jewel v. Nat'l Sec. Agency
673 F.3d 902 (9th Cir. 2011)                                            8

Klestadt & Winters, LLP v. Cangelosi
672 F.3d 809  (9th Cir. 2012) (bankruptcy)                              3

Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.
460 U.S. 1 (1983)                                                       3

Stone v. Heckler
722 F.2d 464 (9th Cir. 1983)                                            3

Sierra Forest Legacy v. Sherman
646 F.3d 1161 (9th Cir. 2011)                                           3

Nat'l Distrib. Agency v. Nationwide Mut. Ins. Co.
117 F.3d 432 (9th Cir. 1997)                                            3

Slimick v. Silva (In re Slimick)
928 F.2d 304 (9th Cir. 1990)                                            4

Lovell v. Chandler
303 F.3d 1039 (9th Cir. 2002)                                           4.

Montes v. United States
37 F.3d 1347 (9th Cir. 1994)                                            4

TABLE OF AUTHORITIES                                                   iii

**TABLE OF AUTHORITIES**                                           **PAGE**

Oki Semiconductor Co. v. Wells Fargo Bank
298 F.3d 768 (9th Cir. 2002)                                           8

Scott v. Eversole Mortuary
522 F.2d 1110 (9th Cir. 1975)                                          4

Smith v. Pacific Props. & Dev. Corp.
358 F.3d 1097 (9th Cir. 2004)                                          8

Thinket Ink Info Res., Inc. v. Sun Microsystems, Inc.
368 F.3d 1053 (9th Cir. 2004)                                          8

**OTHER AUTHORITIES**

Article III of the United States Constitution                          1
12 U.S.C. § 2605                                                       1
15 U.S.C. §1692                                                        1
28 U.S.C. §1331                                                        1
28 U.S. C. §1367                                                       1
28 U.S.C. §1332                                                        1
28 U.S.C. §1391(b)                                                     1
28 U.S.C. §1343                                                        1
28 U.S.C. §1291                                                        2
28 U.S.C. §2107                                                        2
28 U.S.C. §2201                                                        1
28 U.S.C. §2202                                                        1
42 U.S.C. §1983                                                        1

TABLE OF AUTHORITIES                                                  iv

## I. JURISDICTIONAL STATEMENT

### a. Jurisdiction of the Federal District Court, Southern District.

The Federal District Court had original jurisdiction over the claims in this action based on 28 U.S.C. §§ 1331, 1343, 2201, 2202, 12 U.S.C. § 2605, 15 U.S.C. § 1692, 42 U.S.C. § 1983 which confer original jurisdiction on federal district courts in suits to address the deprivation of rights secured by federal law.

The Federal District Court also had supplemental jurisdiction over the pendant state law claims because they form a part of the same case or controversy under Article III of the United States Constitution, pursuant to 28 U.S.C. § 1367.

The Federal District Court had original jurisdiction over the claims in this action based on 28 U.S.C. §1332, which confers original jurisdiction on federal district courts in suits between diverse citizens that involve an amount in controversy in excess of $75,000.00

The unlawful conduct, illegal practices, and acts complained of and alleged in the Plaintiff/Appellant's complaint were all committed in the Central District of California and involved real property located in the Central District of California.  Therefore, venue properly lied in the Central District, pursuant to 28 U.S.C. § 1391(b).

Plaintiffs/Appellants, Chester and Lynda Hunt ("HUNT" hereafter)  are now, and at all times mentioned herein were, individuals residing in the State of California, County of Riverside, City of Riverside. At all relevant times to this action, Plaintiffs/Appellants have owned that real property which is the subject matter of these proceedings which is located within the jurisdiction of the Central District of California.

At all relevant times Defendant/Appellee U.S. Bank, National Association is a National Association organized and existing under the laws of the State of Minnesota.

At all relevant times Defendant/Appellee Bank of America, National Association is a National Association organized and existing under the laws of the State of North Carolina.

Hereafter, Defendants will be collectively referred to as "Defendants" and/or "USBNA."

### b. Jurisdiction of the 9th Circuit Court of Appeals.

The 9th Circuit Court of Appeals has jurisdiction of this matter pursuant to 28 U.S.C. § 1291.

### c. Timeliness of the Appeal.

Pursuant to 28 U.S.C. § 2107 no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree.

The Judgment that is the subject of this appeal was entered on April 3, 2013.

The Plaintiff/Appellant filed their Notice of Appeal on April 16, 2013, thirteen days later.

Since the Notice of Appeal was filed within 30 days of the entry of judgment, this appeal is timely.

### d. The finality of the order appealed.

Under 28 U.S.C. § 1291, the court of appeals has jurisdiction over "all final decisions of the district courts . . . except where a direct review may be

had in the Supreme Court." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373 (1981).

Section 1291 has been interpreted to confer appellate jurisdiction over a district court decision that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (internal quotation marks and citation omitted); see also *Klestadt & Winters, LLP v. Cangelosi*, 672 F.3d 809, 813 (9th Cir. 2012) (bankruptcy).

A district court decision may also be considered final where its result is that the appellant is "effectively out of court." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 9 (1983) (citations omitted); see also *Bagdasarian Prods., LLC v. Twentieth Century Fox Film Corp.*, 673 F.3d 1267, 1270-71 (9th Cir. 2012) (recognizing that "courts will in limited circumstances permit immediate appeal if the stay order effectively puts the plaintiff 'out of court'—creating a substantial possibility there will be no further proceedings in the federal forum, because a parallel proceeding might either moot the action or become res judicata on the operative question"); *Blue Cross and Blue Shield of Alabama v. Unity Outpatient Surgery Center, Inc.*, 490 F.3d 718, 723-24 (9th Cir. 2007) (stating that "Moses H. Cone applies whenever there is a possibility that proceedings in another court could moot a suit or an issue, even if there is no guarantee that they will do so" and holding that "lengthy and indefinite stays place a plaintiff effectively out of court.").

The finality rule is to be given a "practical rather than a technical construction." *Stone v. Heckler*, 722 F.2d 464, 467 (9th Cir. 1983) (quotation marks and citation omitted); see also *Sierra Forest Legacy v. Sherman*, 646 F.3d 1161, 1175 (9th Cir. 2011) (applying practical construction to the finality requirement to determine if remand order was final); *Elliott v. White Mountain*

*Apache Tribal Court*, 566 F.3d 842, 845 (9th Cir. 2009) ("[T]he requirement of finality is to be given a practical rather than a technical construction." (quotation marks and citation omitted)).

A district court order is final only when it is clear that the judge intended it to be final. See *Nat'l Distrib. Agency v. Nationwide Mut. Ins. Co.*, 117 F.3d 432, 433 (9th Cir. 1997). "Evidence of intent consists of the [o]rder's content and the judge's and parties['] conduct." *Slimick v. Silva (In re Slimick)*, 928 F.2d 304, 308 (9th Cir. 1990) (citations omitted); see also *Hotel & Motel Ass'n of Oakland v. City of Oakland*, 344 F.3d 959, 964 (9th Cir. 2003) (concluding, based on the procedural history leading up to order, that the district court intended order to be final even though some of the claims were dismissed without prejudice). The focus is on the intended effect of the order, not the terminology used by the district court. See *Montes v. United States*, 37 F.3d 1347, 1350 (9th Cir. 1994) (holding that order dismissing "action" rather than "complaint" is not final if court's words and actions indicate an intent to grant plaintiff leave to amend). If it is clear that the district court intended to dispose of all the claims before it, abandoned claims will not compromise the finality of the judgment. See *Lovell v. Chandler*, 303 F.3d 1039, 1049 (9th Cir. 2002).

Where the district court expressly denies leave to amend, the order is final and appealable. See *Scott v. Eversole Mortuary*, 522 F.2d 1110, 1112 (9th Cir. 1975).

The Judgment and Order Granting Defendant's Motion to dismiss Plaintiffs/Appellants complaint without leave to amend, served to terminate and close the pending cause of action, and permitted Plaintiffs/Appellants no further right to pursue their case.

Accordingly, the order appealed from is final.

## II. STATEMENT OF THE ISSUES PRESENTED FOR REVIEW.

The issues presented on appeal are relative to the Order granting the Defendant/Appellee's Motion to Dismiss the Plaintiffs/Appellant's Complaint without leave to amend. The Plaintiffs/Appellants assert that the subject order was improper and an abuse of the Court's discretion, and therefore subject to review and reversal by this Court on Appeal.

## III. STATEMENT OF THE CASE.

### a. Nature of the case.

The Plaintiffs/Appellants have filed this action relative to their personal residence in the City of Riverside, California in the County of Riverside, and the claims asserted by the Defendant/Appellee's. HUNT asserted that USBNA was a third party stranger to the loan transaction that was secured by the subject property, and that the actions taken by USBNA relative to the asserted interest in the loan transaction were non-existent. Given the lack of any pecuniary or contractual interest in the loan transaction, HUNT sought to establish the relative interests of USBNA in the Note and Deed of Trust that secures the property through their claim for Declaratory Relief; recover damages for moneys wrongfully obtained by USBNA and obtain an accounting of the moneys improperly obtained by USBNA.

### b. Course of proceedings.

HUNT filed this pending action on December 11, 2012 after prior proceedings were terminated with the Federal District Court for the Central District. (See Excerpts of Record, Volume 1, Number 1, Documents #1.)

On January 18. 2013, USBNA filed a Motion to Dismiss with the Court. (See Excerpts of Record Volume 1, Number 2, Documents #13.)

On February 1, 2013 HUNT filed an Opposition to the Motion to Dismiss. (See Excerpts of Record, Volume 2, Number 12, Document #19.)

On February 11, 2013 USBNA filed a Reply to HUNT's opposition to Defendant's Motion to Dismiss. (See Excerpts of Record Volume 2, Number 13, Document #21.)

### c. Disposition at the Federal District Court below.

On April 3, 2013 the District Court issued and entered its Order on Motion to Dismiss. Leave to amend was not granted. (See Excerpts of Record Volume 2, Number 14, Documents #22.)

On April 3, 2013 the Clerk filed its Judgment dismissing the case, and said order was entered on April 3, 2013. (See Excerpts of Record, Volume 2, Number 15, Document #23.)

On April 16, 2013 HUNT filed their Notice of Appeal to the Ninth Circuit Court of Appeal. (See Excerpts of Record Volume 2, Number 16, Document #24.)

## IV. STATEMENT OF FACTS RELEVANT TO THE ISSUES SUBMITTED FOR REVIEW.

Because a reasonable analysis of the Plaintiff's complaint, as set forth in HUNT's opposition to the Defendant's Motion to Dismiss shows that further amendment can save the Plaintiff's claims, as well as the recent decision by the California Court of Appeal in *Glaski v. Bank of America*, F064556, 2013 WL 4037310 (Cal. App. 5th Dist. 2013) setting forth a borrowers standing to question the method, timeliness of and legality of the securitization process,

the Plaintiff's complaint could be saved by amendment and therefore HUNT files this appeal seeking *de novo* review of the dismissal of their case.

## V. SUMMARY OF THE ARGUMENT.

HUNT has filed the present appeal because the Federal District Court abused its discretion in dismissing the pending case without permitting HUNT leave to amend, especially in light of recent case law.

Since the District Court has dismissed the case without leave to amend, on appeal this Court reviews the Motion to Dismiss filed by USBNA in a *de novo* manner.

## VI. ARGUMENT.

### a. Contentions and reasons for them with citations to the authorities and parts of the record relied upon.

The Court below issued an Order granting USBNA's motion to dismiss without leave to amend.

HUNT contends their complaint and causes of action CAN be saved by further amendment. In support thereof HUNT contends that upon *de novo* review of the order of dismissal together with review of HUNT's complaint and HUNT's opposition to the USBNA Motion to Dismiss this Court will conclude that HUNT's complaint can be saved by further amendment, and therefore the Court below erred in denying HUNT the opportunity to amend the complaint.

While the Defendant takes great issue with HUNT's arguments relative to the failed securitization of the Note and Deed of Trust the California Court of Appeals has recently thrown out much of the authority cited by the

Defendant and relied upon by the lower Court, and concluded that a borrower can in fact challenge the improper and untimely attempt to deposit an asset into a REMIC trust after the trust was closed to accept such an asset. (See: *Glaski v. Bank of America*, F064556, 2013 WL 4037310 (Cal. App. 5th Dist. 2013)

### b. Standard of Review

A dismissal without leave to amend is reviewed *de novo*. See *Smith v. Pacific Props. & Dev. Corp.*, 358 F.3d 1097, 1100 (9th Cir. 2004) (noting underlying legal determinations require *de novo* review); *Oki Semiconductor Co. v. Wells Fargo Bank*, 298 F.3d 768, 772 (9th Cir. 2002).

Dismissal without leave to amend is improper unless it is clear, upon *de novo* review that the complaint could not be saved by any amendment. See *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012); *Jewel v. Nat'l Sec. Agency*, 673 F.3d 902, 903 n.3 (9th Cir. 2011); *Thinket Ink Info Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004).

## VII. **CONCLUSION.**

HUNT files this appeal and respectfully asserts that upon *de novo* review of this case that the Court below erred in dismissing his cause of action without leave to amend. HUNT therefore requests that her appeal be granted, the Order of the District Court be rescinded an set aside, and that this Court order that HUNT be allowed to file a further amended Complaint.

Date: October 22, 2013

/s/ Joseph La Costa
_____
Joseph La Costa, Attorney for Plaintiffs/Appellants

## STATEMENT OF RELATED CASES

Pursuant to Ninth Circuit Rule 28-2.6, counsel for Plaintiff/Appellant hereby notifies the Court of the following related cases:

1) Federal District Court, Central District: ED CV 12-02171-TJH OPx

2) Federal District Court, Central District, ED CV 12-01075-VAP OPx

Respectfully submitted.

Dated this: October 22, 2013

/s/ Joseph La Costa
---------------------------------------
Joseph La Costa
Attorney for Plaintiffs and Appellants

**Federal Rules of Appellate Procedure Form 6.  Certificate of Compliance With Rule 32(a)**

Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

   [✓]  this brief contains  2144  words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [ ]  this brief uses a monospaced typeface and contains [state the number of] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [✓]  this brief has been prepared in a proportionally spaced typeface using [ Microsoft WORD 2007/Adobe Acrobat 9.0 ] in [ Font 14; Times New Roman Style ], *or*

   [ ]  this brief has been prepared in a monospaced typeface using [ state name and version of word processing program ] with [ state number of characters per inch and name of type style ].

(s)  Joseph La Costa

Attorney for  Plaintiff/Appellant

Dated:  10/22/2013

9th Circuit Case Number(s) | 13-55631

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

*********************************************************************************

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) | 10/22/2013 .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) | /s/ Joseph C. La Costa

*********************************************************************************

## CERTIFICATE OF SERVICE
### When ~~Not~~ All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format)